**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUSIE DORNAY,<br><br>  Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br><br>  Defendant. | ) CASE NO. 1:08-cv-00036 JLT<br>)<br>) ORDER DISCHARGING ORDER TO SHOW<br>) CAUSE AS TO DEFENDANT ISSUED APRIL 30,<br>) 2010<br>)<br>) (Doc 28)<br>)<br>)<br>) ORDER TO SHOW CAUSE WHY THIS ACTION<br>) SHOULD NOT BE DISMISSED AS MOOT<br>)<br>)<br>)<br>) |

On January 2, 2008, Plaintiff filed a complaint seeking reversal of the Social Security Agency's determination to deny her benefits. (Doc. 2). On June 24, 2008, pursuant to a stipulation of the parties, the Court directed remand of this matter to the Commissioner pursuant to sentence six, 42 U.S.C. § 405(g), for further proceedings. (Doc. 16). In that order, the Court directed the parties "to file a joint status report every 60 days from the date of this Order." (Id. at 2). The Court further warned the parties that failure to comply with this requirement could result in the imposition of sanctions. (Id.)

On April 30, 2010 the Court issued an Order to Show Cause why sanctions should not be imposed for the parties' failure to comply with the requirement that they file joint status reports every 60 days. (Doc. 28). On May 20, Defendant's counsel filed a response, purportedly on behalf of both parties, to the Order to Show Cause. (Doc. 29). Counsel stated that certain administrative technical

1

glitches in her office prevented her from filing a report in March 2010 and apologized for this failure. (Id. at 2). However, there was no explanation from Plaintiff's counsel as to why no status report was filed by her. Counsel are reminded that the requirement to file status reports every 60 days is for the purpose of facilitating completion of this case in a prompt and efficient manner. With that admonition, the Order to Show Cause will be discharged.

In the status report filed on May 20, 2010, counsel for Defendant states that Plaintiff's counsel informed her that Plaintiff is currently receiving social security benefits. (Doc. 29 at 2). Counsel states her belief that Plaintiff's "current pay-status may be the result of a subsequently filed application that the agency granted." (Id.) In light of this representation, each party shall file a statement clarifying whether Plaintiff has in fact been awarded and is now receiving disability and/or SSI benefits. If so, each party shall explain whether this has mooted the instant matter and show cause why this case should not be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Within 15 days, each party is ORDERED to file a response stating whether Plaintiff is currently receiving benefits from the Social Security Administration. If she is currently receiving benefits from the Social Security Administration, each party shall show cause why this matter should not be dismissed.

2. If the matter has not been rendered moot, the parties are ordered to take all reasonable steps to ensure that the administrative proceedings are completed as soon as practicable.

IT IS SO ORDERED.

Dated:   **May 21, 2010**                                    /s/ Jennifer L. Thurston
                                                         UNITED STATES MAGISTRATE JUDGE